No. 29,312.

Martha Wegner, *Appellant*, v. The Federal Reserve Life
Insurance Company, *Appellee*.

(289 Pac. 431.)

Opinion on rehearing filed·July 5, 1930. (For original opinion see *ante*, p. 601,
287 Pac. 591.)

*C. A. Leinbach*, of Onaga, for the appellant.

*Hugh T. Fisher, Irwin Snattinger, E. B. Smith*, all of Topeka, *William R.* .
*Baker, E. H. Henning*, both of Kansas City, and *E. C. Brookens*, of Westmore-
·land, for the appellee.

The opinion of the court was delivered by

Dawson, J.: In a motion for rehearing defendant endeavors to
persuade this court that it reached an erroneous conclusion in respect
to its liability on the second cause of action founded on policy No.
10804. But the argument now advanced contains nothing this·court
failed to consider when we reached our decision, and the controlling
point was sufficiently discussed in the opinion already delivered.

However, defendant does raise a point not covered by our first
opinion and which has to do with the fact that the insured actually
was in default of payment of premiums at the time of his death, and
only the statute forbidding forfeiture of the policy within six months
after such default except in conformity with its terms constrained
this court to order judgment in plaintiff's favor on her second cause
of action. Now, while that statute forbade the forfeiture of policy
No. 10804 as attempted by defendant, it did not undertake to remit
whatever amounts the insured might owe the insurer on defaulted
premium payments. In this case, at the time of his death in March,
1929, the insured owed defendant a balance of $7.58 on the first
quarter's premium for the year beginning October 7, 1928, and owed
the second quarterly premium of· $134.30 due January 7, 1929—a
total of $141.88. This sum with interest thereon from date of de-
fault is a proper item to be credited against the amount of the judg-
ment on the second cause of action. Defendant suggests that the

computation of this credit item should be based on the insured's liability for the whole year's premium less the amount he had paid on the first quarterly premium, and less, also, the accumulated dividends standing to his credit. Such a computation would make a larger item of credit, but to give it countenance would shake our faith in the correctness of defendant's argument—and our own conclusion as well—that the accumulated dividends could only be credited when a full year's premium was paid in cash, and that as the insured chose to pay in quarterly installments he was not entitled thereto.

Plaintiff objects to any item of credit being given because this matter was not raised in the trial court. All the facts, however, were developed in the trial court and judgment in plaintiff's favor was wholly denied. We have reversed that judgment on the second cause of action and are directing judgment to be entered in plaintiff's favor. But when this court orders final judgment instead of ordering a new trial it frequently happens that we must specify the particular amount for which judgment should be entered or how the amount of a directed judgment is to be computed. (*Mitchell v. Derby Oil Co.*, 117 Kan. 520, 531, 232 Pac. 224; *Platts v. Thompson*, 126 Kan. 544, 551, 268 Pac. 833; *Devlin v. City of Pleasanton*, 130 Kan. 766, 287 Pac. 595.)

The motion for a rehearing is denied, but our mandate will direct that the item of $141.88, with interest, be deducted from the judgment ordered in plaintiff's favor on her second cause of action.